# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES

V.  CASE NO. 2:08CR42

TARAUS SANFORD
MICHAEL LNU
DAMIEN SPENCER
MARCUS SMALLIE                                                         DEFENDANTS

## ORDER

This cause comes before the court upon the motion [58] of Damien Spencer seeking to sever Michael LNU from the other three defendants named in the instant indictment.

A five count indictment was filed in this matter on April 16, 2008. Count one of the indictment alleges that Taraus Sanford, Michael LNU, Damien Spencer, and Marcus Smallie engaged in a conspiracy to distribute more that five (5) kilograms of cocaine hydrochloride/powder cocaine and more than fifty (50) grams of cocaine base in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), and 846. Counts two through five allege additional related crimes against Damien Spencer and Taraus Sanford respectively. The indictment was sealed until June 9, 2008 when an arrest warrant was issued for the four defendants. Sanford was arrested that day. On June 10, Smallie was arrested. Two days later Damien Spencer was arrested. Presently the government has been unable to determine the identity of Michael LNU. As the government attempts to locate the unknown fourth defendant, the charges against the other defendants are on hold. It is in this light that Spencer seeks to have the Michael LNU severed from the case so that a trial date might be set.

Rule 8(b) of the Federal Rules of Criminal Procedure provides that defendants may be

charged together if they are alleged to have participated in the same series of acts constituting the lead offense. F. R. Crim. P. 8(b); *Zafiro v. United States*, 506 U.S. 534, 535 (1993). The federal justice system has a strong preference for joint trials. *Zafiro*, 506 U.S. at 537. Joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Id*. (quoting *Richardson v. Marsh*, 481 U.S. 200, 210 (1987)).

However, Federal Rule of Criminal Procedure 14 permits a district court to grant severance if a defendant is prejudiced by joinder. The Fifth Circuit has interpreted this standard, allowing severance only with a showing of clear prejudice. *United States v. Welch*, 656 F.2d 1039, 1053 (5th Cir. 1981). This heavy burden is based in large part upon three principles: that joint trials (1) allow the jury to hear a comprehensive presentation of the case; (2) eliminate needless delay and conserve judicial resources; and (3) protect the safety of witnesses. *United States v. Erfrasio*, 935 F.2d 553, 570-71 (3rd Cir. 1991); *United States v. Persico*, 621 F. Supp. 842, 852 (S.D.N.Y. 1985). In adopting these rules courts have generally dealt with cases in which one defendant alleged that the proof against another defendant or another defendant's defense would prejudice his right to a fair trial. However, the Supreme Court has alluded to a broader consideration, finding severance proper "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants." *Zafiro*, 506 U.S. at 539.

Spencer argues that severance is proper because waiting for a joint trial prejudices the known defendants. As there is no indication that the government is aware of Michael LNU's identity or location, Spencer finds himself in a legal purgatory.

Under federal law the defendants are entitled to a speedy trial. The right to a speedy trial is governed by the Speedy Trial Act. 18 U.S.C. § 3161. The Act requires that the trial of a criminal matter must begin within seventy days of an indictment or initial appearance, whichever

is later. 18 U.S.C. § 3161(c)(1). Both the government and Spencer agree that the Speedy Trial Act clock does not take effect until the last codefendant makes his initial appearance. *See United States v. Calle*, 120 F.3d 43, 46 (5th Cir. 1997). The Act, however, requires that any delay excludable against the seventy day clock be reasonable. 18 U.S.C. § 3161(h)(7). There is little case law on the subject, so in order to determine the reasonableness of the delay this court will look to the Constitution's Sixth Amendment.

The Sixth Amendment guarantees a fundamental right to a speedy trial. *See Kloper v. North Carolina*, 386 U.S. 213, 223 (1967). Its function is to ensure that all accused are treated to decent and fair procedures and that society's interest in swift justice is met. 21 A Am. Jur. 2d Criminal Law § 948 (2008) (citing *Barker*, 407 U.S. 514). The Supreme Court has found "that unreasonable delay between formal accusation and trial threatens to produce . . . harms, including 'oppressive pretrial incarceration,' 'anxiety and concern of the accused,' and 'the possibility that the [accused's] defense will be impaired' by dimming memories and loss of exculpatory evidence." *Doggett v. United States*, 505 U.S. 647, 654 (1992) (quoting *Barker*, 407 U.S. at 532; citing *Smith v. Hooey*, 393 U.S. 374, 377-79 (1969); *United States v. Ewell*, 383 U.S. 116, 120 (1966)). The court in *United States v. Marion* held that:

> the major evils protected against by the speedy trial guarantee exist quite apart from actual or possible prejudice to an accused's defense. Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.

404 U.S. 307, 320 (1971).

These considerations do not generally become ripe until the postaccusation delay approaches one year. *Doggett*, 505 U.S. at 561 fn.1. A like analysis may be found in Judge

Pepper's recent ruling in *United States v. Obad*. Criminal Action No. 2:07cr008-P-B (N.D. Miss. May 1, 2008). In *Obad*, the court ruled that a delay of approximately fourteen months, while one of seven defendants was a fugitive, was approaching the bounds of reasonableness even where the defendant was not suffering from pretrial incarceration. *Id*. at *2; *see also United States v. Tobin*, 840 F.2d 867, 869 (11th Cir. 1988) (finding an eight month and ten day delay to permit apprehension of a codefendant reasonable).

This court finds that Spencer could have faced none of the evils associated with delay in criminal prosecution until June 9, 2008 when the indictment against him was unsealed. Weighed against the strong preference for joint trials, a delay of two months while the government attempts to apprehend another defendant is clearly reasonable. The interest of the government in presenting its case together, however, must be measured against society's need for justice and the defendant's right to mount his defense. Were the delay in this case to approach one year it would press the bounds of reasonableness. As such, the court finds the motion for severance to be premature. A future motion would be timely and warrant strong consideration if this matter has not moved to trial by early 2009.

Based on the foregoing reasoning, Spencer's motion for severance is DENIED.

This the 7th day of August, 2008.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**