IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL ACTION NO.
 2:08-CR-42-M-A

MARCUS SMALLIE

ORDER

The defendant, Marcus Smallie, seeks an order directing plaintiff to file a bill of particulars [docket no. 74]. The defendant requests discovery information regarding the facts of the government's case, evidence that the government may possess and specifics regarding the indictment, including the alleged conspiracy. In addition, defense counsel requests an oral argument to further present this motion. The defendant is charged in Count One of the indictment with conspiracy to distribute a controlled substance [docket no. 3].

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that the indictment be a "plain, concise and definite written statement of the essential facts constituting the offense charged." The adequacy of an indictment is determined "by whether (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, . . . (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense." *United States v. Ellender*, 947 F.2d 748, 755 (5th Cir. 1991), quoting *United States v. Lavergne*, 805 F.2d 517, 521 (5th Cir. 1983). Further, to comply with Rule 7(c), an indictment need not provide the evidentiary details of the government's case. *Lavergne*, 805 F.2d at 521. An indictment that identifies a range of dates and a generalized area, such as the Southern District of Mississippi, is sufficiently particular to establish the dates and location of

the conspiracy. *Ellender*, 947 F.2d at 755-56.

It is well settled that in an indictment for conspiring to commit an offense, in which the conspiracy is the gist of the crime, it is not necessary to allege with technical precision all of the elements essential to the commission of the crime that is the object of the conspiracy. *United States v. Bragg*, 980 F.2d 1443 (5th Cir. 1991), citing *Wong Tai v. United States*, 273 U.S. 77, 81(1927). In the Fifth Circuit, the conspiracy charge does not have to spell out the elements of the offense the accused conspired to commit. *Id.* The indictment does not need to allege an overt act in furtherance of a conspiracy if the indictment alleges a conspiracy to distribute drugs, the time that the conspiracy was operative and the statute allegedly violated. *United States v. Kahn*, 728 F.2d 676, 680 (5th Cir. 1984).

The court has discretion to order a bill of particulars; the defendant does not possess a right to a bill of particulars. *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980). The defendant has the burden of showing prejudice or clear abuse of discretion. *Id.* at 1359. The bill of particulars is not an instrument designed to compel the government to provide a detailed explanation of its legal theories or to produce its evidence. *Burgin*, 621 F.2d at 1358.

The defendant is charged in Count One of the indictment with the crime of knowingly and willingly conspiring to commit the offense of distributing a particular amount of a controlled substance during a finite period of time in this district. Conspiracy to distribute a controlled substance is a crime under 21 U.S.C. §846, and the distribution of a controlled substance is a crime under 21 U.S.C. §841(a). Conspiracy to commit a criminal offense is separately chargeable, and in Count One of the indictment the government specified that the object of the alleged conspiracy between the defendant and his co-conspirators was to distribute controlled substances in violation of 21 U.S.C. §841(a). Further the government identified the penalties for

the distribution of certain amounts of the controlled substances.  *See* U.S.C. 21 U.S.C. §841(b)(1)(A).

Count One identifies with sufficient particularity the elements of the crime of conspiracy to distribute a controlled substance.  The indictment alleges that the conspiracy occurred between August 11, 2007 and February 21, 2008 in the Northern District of Mississippi.  The indictment also identifies the defendant's co-conspirators by name and the amount and type of controlled substances that they allegedly planned to distribute.  Finally, the government identified the criminal statutes under which the defendant is charged. Therefore, the court finds that there is sufficient detail to allow defendant to initiate his defense against the crime with which he is charged in Count One of the indictment.

For these reasons it is ORDERED

That the defendant's requests for a bill of particulars and for an oral argument on the motion are DENIED

This the 8th day of October, 2008.

    /s/ S. ALLAN ALEXANDER
U.S. MAGISTRATE JUDGE