**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**UNITED STATES**

**V.**  **CASE NO. 2:08CR42**

**TARAUS SANFORD**  **DEFENDANT**

**ORDER**

This cause comes before the court on the motion [96] of the defendant, Taraus Sanford, for reconsideration of the court's prior order allowing the introduction of Sanford's previous conviction.

Sanford is charged with (1) conspiracy to distribute in excess of five kilograms of cocaine hydrochloride; (2) possession with intent to distribute in excess of fifty grams of cocaine base; (3) possession of a firearm while conspiring to distribute cocaine; and, (4) possession of a firearm by a convicted felon.

Federal Rule of Evidence 404(b) prohibits character evidence from being introduced in order to prove that a defendant acted in conformity with his past bad acts. However, the Rule makes clear that such character evidence is admissible for other purposes. Fed. R. Evid. 404(b). In applying the Rule the Fifth Circuit has adopted a two step analysis. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978). A court must determine if (1) the evidence is relevant to an issue other than a defendant's character; and, (2) the probative value of the evidence is not substantially outweighed by its prejudicial value. *Id.*

Sanford's only felony conviction is possession of cocaine with intent to distribute. This conviction is an element of possession of a firearm by a convicted felon, one of the four charges

against Sanford. Based on this the court ruled Sanford's prior conviction was admissible to prove an element of a charged crime. The court also ruled that Sanford was not entitled to have his possession of a firearm charge severed from the other charges in this case.

Sanford's argument for reconsideration is based in large part on his belief the court would sever the possession of a firearm charge. Since the court denied that motion Sanford's argument that his prior conviction is inadmissible under the *Beechum* test logically fails. That prior conviction goes directly to prove an element of a charged crime. There is obviously a high level of prejudice in allowing this conviction into evidence. That prejudice though is outweighed by the probative value of the evidence. There is no other way for the government to prove its case. The prior conviction must be admitted.

Further the court will allow the government to argue the prior conviction shows Sanford's unlawful intent. This use of a prior conviction is exactly the issue the Fifth Circuit dealt with in *Beechum*. *Id*. at 911. As such this evidence is relevant. It goes to show that it is more likely Sanford had an unlawful intent in the instant action because he had an unlawful intent in committing a previous drug crime. *See id.* Normally the court would be open to an argument that the probative value of the prior conviction is outweighed by its unfair prejudice to the defendant. However, here the court has already found the evidence admissible on other grounds. Any unfair prejudice to the defendant will have already been suffered whether the government is allowed to make one or two uses of the prior conviction. This greatly lessens the weight of the unfair prejudice as used in the balancing test. Because the prejudice to the defendant is exceedingly low, the court finds the probative value of the intent argument outweighs that prejudice.

Defendant's motion for reconsideration is DENIED.

This the 16th day of December, 2008.

                                        **/s/ MICHAEL P. MILLS**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**